# APPENDIX A:

## UNITED STATES v. PHILLIPS PETROL. CO., ET AL.

## CIVIL NO. 75-974-HP

## JUDGMENT ENTERED: AUG. 31, 1977

U.S. Mot. and Mem. to Term.
Page 9
Appendix A [p.1 of 5]

# Trade Regulation Reporter - Trade Cases (1932 - 1992), United States v. Phillips Petroleum Co., Douglas Oil Co. of California, Powerine Oil Co., Fletcher Oil & Refining Co., Inc., Golden Eagle Refining Co., Inc., and Macmillan Ring-Free Oil Co., Inc., U.S. District Court, C.D. California, 1981-2 Trade Cases ¶64,283, (Aug. 31, 1977)

[Click to open document in a browser](#)

United States v. Phillips Petroleum Co., Douglas Oil Co. of California, Powerine Oil Co., Fletcher Oil & Refining Co., Inc., Golden Eagle Refining Co., Inc., and Macmillan Ring-Free Oil Co., Inc.

1981-2 Trade Cases ¶64,283. U.S. District Court, C.D. California, Civil No. 75-974-HP, Entered, with changes to decree as originally proposed and published, August 31, 1977, (Competitive impact statement and other matters filed with proposed settlement: 42 *Federal Register* 10905, February 24, 1977.).

Case No. 2445, Antitrust Division, Department of Justice.

## Sherman Act

**Price Fixing: Exchange of Information: Good Faith Transactions: Attendance at Meetings and Seminars: Rebrand Gasoline: Consent Decree.–** Six oil refiners were enjoined by a consent decree from fixing prices, stabilizing grade price differentials, or limiting or restricting supplies of rebrand gasoline sold to third parties, and, for a period of ten years, from exchanging information concerning prices with another supplier doing business in the western area of the United States. The companies were not enjoined from exchanging price information with any actual or potential purchaser of rebrand gasoline in connection with good faith and arms' length negotiations, sales or exchanges. The decree prohibited defendants' officers and employees concerned with pricing from attending price meetings, except in connection with good faith transactions and it required defendants to provide reports of attendance at meetings of western area trade associations. Employees with pricing responsibilities were required by the decree to attend seminars regarding antitrust laws at least once a year.

**For plaintiff:** Donald I. Baker, Asst. Atty. Gen., and William E. Swope, Raymond P. Hernacki, and John L. Wilson, Attys., Dept. of Justice. **For defendants:** Thomas J. Ready and Molly Munger, of Agnew, Miller & Carlson and John W. Dickey and Carroll Neeseman, of Sullivan & Cromwell, for Phillips Petroleum Co.; Donald W. Schmidt and John A. Mitchell, of Mitchell, Schmidt, D'Amico & McCabe, for Fletcher Oil & Refining Co.; John J. Quinn, Thomas J. McDermott, Jr., and Richard T. Williams, of Kadison, Pfaelzer, Woodard, Quinn & Rossi, for Powerine Oil Co.; Max L. Gillam and Morris A. Thurston, of Latham & Watkins, and Bruce R. Merrill, for Douglas Oil Co. of California; John H. Brinsley and Robert M. Mitchell, of Adams, Duque & Hazeltine, and Eugene K. O'Shea, for Golden Eagle Refining Co., Inc.; John H. Brinsley and Robert M. Mitchell, of Adams, Duque & Hazeltine, and J. David Tobin, for Macmillan Ring-Free Oil Co., Inc.

## Final Judgment

Pregerson, D. J.: Plaintiff, United States of America, having filed its complaint herein on March 19, 1975, and having filed its competitive impact statement pursuant to 15 U. S. C. §16(b) on February 9, 1977 *Federal Register* Vol. 42, No. 37 on Feb. 24, 1977 pp. 10905-10908 inclusive, and plaintiff and the defendants, Phillips Petroleum Company; Douglas Oil Company of California; Powerine Oil Company; Fletcher Oil & Refining Company; Golden Eagle Refining Company, Inc.; and Macmillan Ring-Free Oil Co., Inc., by their respective attorneys each having consented to the entry of this Final Judgment, without trial or adjudication of any issue of fact or law herein, and without this Final Judgment constituting evidence or an admission by any party consenting hereto with respect to any such issue.

Now, Therefore, before any testimony or evidence has been taken herein and without trial or adjudication of any issue of fact or law herein, and upon the consent of the parties hereto,

**©2018 CCH Incorporated and its affiliates and licensors. All rights reserved.**
**Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm**

U.S. Mot. and Mem. to Term.
Page 10
Appendix A [p.2 of 5]

It Is Hereby Ordered, Adjudged and Decreed as follows:

## I

### [ *Jurisdiction*]

This Court has jurisdiction of the subject matter hereof and of the parties hereto. The complaint states a claim upon which relief may be granted against the defendants and each of them under Section 1 of the Act of Congress of July 2, 1890, entitled "An Act to Protect Trade and Commerce Against Unlawful Restraints and Monopolies," commonly known as the Sherman Act (15 U. S. C. §1, as amended).

## II

### [ *Definitions*]

As used in this Final Judgment:

(a) "Person" shall mean any individual, partnership, firm, corporation, association or other business of legal entity;

(b) "Rebrand gasoline" shall mean gasoline sold for ultimate resale in service stations under a trademark or brand name not owned or controlled by an oil refiner;

(c) "Price" shall mean the sum or figure charged, or any component thereof, including, but not limited to, any terms or conditions of sale, credit arrangements, price increases, percentage price increases, discounts; and

(d) "Western area" shall mean the States of California, Oregon, Washington, Nevada, and Arizona.

## III

### [ *Applicability*]

The provisions of this Final Judgment applicable to any defendant shall apply only to each such defendant and to each of its officers, agents, employees, subsidiaries, successors, and assigns, and to all persons in active concert or participation with any of them who shall have received actual notice of this Final Judgment by personal service or otherwise but shall not apply to or be enforceable as to activities or agreements between or among a defendant and its parents, subsidiaries or commonly controlled affiliates. However, in the case of defendant Powerine Oil Company, business entities and trusts owned or controlled by Harry S. Rothschild, Harry R. Rothschild, Peter B. Rothschild, members of their families or former spouses or by any of them, directors of Powerine Oil Company, or individuals who own ten (10) percent or more of Powerine's voting stock shall be deemed to be affiliates of Powerine.

## IV

### [ *Price Fixing--Information Exchange*]

(A) The defendants are jointly and severally enjoined from entering into or maintaining any agreement, understanding, plan or program with any other supplier of rebrand gasoline;

(1) to fix, stabilize, or maintain the price of rebrand gasoline sold to any third person in the Western area;

(2) to stabilize or change price differentials between or among different grades of rebrand gasoline sold to any third person in the Western area; and

(3) to limit or restrict supplies of rebrand gasoline to any third person in the Western area.

(B) For a period of ten (10) years each defendant is enjoined from giving to or obtaining from, or agreeing to give or to obtain from, any other supplier of rebrand gasoline information or an opinion concerning the future price of rebrand gasoline in the Western area except nothing herein shall prohibit giving or obtaining such information

***©2018 CCH Incorporated and its affiliates and licensors. All rights reserved.***
***Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm***

U.S. Mot. and Mem. to Term.
Page 11
Appendix A [p.3 of 5]

or opinion to or from an actual or potential purchaser of rebrand gasoline in connection with *bona fide* and arms' length negotiations, sales or exchanges.

(C) For a period of five (5) years each defendant shall include in the statement required by paragraph V(A) herein a list of each of its employees, officers and directors who had direct personal responsibility for the pricing of rebrand gasoline in the Western area who attended any meeting of any Western area trade association during the reporting period.

(D) For a period of five (5) years each officer or employee of each defendant who has direct personal responsibility for the pricing of rebrand gasoline in the Western area is enjoined from attending a luncheon, dinner or other meeting at which such person gives or obtains information or an opinion concerning the future price of rebrand gasoline in the Western area except nothing herein shall prohibit giving or obtaining such information or opinion to or from an actual or potential purchaser of rebrand gasoline in connection with *bona fide* and arms' length negotiations, sales or exchanges with that purchaser.

V

[ *Reports--Seminars*]

(A) Each defendant shall for a period of five (5) years from the date of entry of this Final Judgment file quarterly with this Court and the Department of Justice a statement by an officer or employee who had direct personal responsibility for the actual prices charged by the defendant for rebrand gasoline in the Western area. Such certification shall state that the prices charged for rebrand gasoline in the Western area during the reporting period were not established as a result of an agreement, understanding, plan or program with another supplier of rebrand gasoline, and that such officer or employee has not violated the provisions of ¶IVB herein.

(B) For a period of ten (10) years all of the officers and employees of each defendant who have direct personal responsibility for the actual prices charged by such defendant for rebrand gasoline in the Western area shall attend seminars regarding the antitrust laws at least once a year.

VI

[ *Inspection*]

For the purpose of determining or securing compliance with this Final Judgment and subject to any legally recognized privilege, from time to time:

(A) Duly authorized representative of the Department of Justice shall, upon written request of the Attorney General or of the Assistant Attorney General in charge of the Antitrust Division, and on reasonable notice to a defendant made to its principal office, be permitted:

(1) Access during office hours of such defendant to inspect and copy all books, ledgers, accounts, correspondence, memoranda and other records and documents in the possession or under the control of the defendant, who may have counsel present, relating to any of the matters contained in this Final Judgment; and

(2) Subject to the reasonable convenience of such defendant, and without restraint or interference from it, to interview officers, employees and agents of such defendant, who may have counsel present, regarding any such matters.

(B) Upon written request of the Attorney General or the Assistant Attorney General in charge of the Antitrust Division made to a defendant's principal office, such defendant shall submit such written reports, under oath if requested, with respect to any of the matters contained in this Final Judgment as may be requested.

(C) No information or documents obtained by the means provided in this Section VI shall be divulged by any representative of the Department of Justice to any person other than a duly authorized representative of the Executive Branch of the United States, except in the course of legal proceedings in which the United States is a party, or for the purpose of securing compliance with this Final Judgment, or as otherwise required by law.

*©2018 CCH Incorporated and its affiliates and licensors. All rights reserved.*
*Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm*

U.S. Mot. and Mem. to Term.
Page 12
Appendix A [p.4 of 5]

If at the time information or documents are furnished by a defendant to plaintiff, said defendant represents and identifies in writing the material in any such information or documents which is of the type described in Rule 26(c)(7) of the Federal Rules of Civil Procedure, and said defendant marks each pertinent page of such material "Subject to claim of protection under the Federal Rules of Civil Procedure," then 10 days notice shall be given by plaintiff to such defendant prior to divulging such material in any legal proceeding (other than a Grand Jury proceeding) to which that defendant is not a party.

### VII

### [ *Compliance*]

Within thirty (30) days after the date of entry of this Final Judgment, each defendant is ordered and directed to deliver a copy of this Final Judgment to its directors, officers, regional and local managers in the Western area, and any other persons who have pricing responsibility in connection with the sale of rebrand gasoline in the Western area. Within sixty (60) days after the date of entry of this Final Judgment, each defendant shall file an Affidavit of Compliance with the Court, copy to plaintiff's counsel, reciting the steps taken to comply with the provisions of this section.

### VIII

### [ *Retention of Jurisdiction*]

Jurisdiction of this cause is retained for the purpose of enabling any of the parties to this Final Judgment to apply to this Court at any time for such further orders and directions as may be necessary to appropriate in relation to the construction of any of the provisions thereof, and for the purpose of the enforcement of compliance therewith and the punishment of violations thereof.

### IX

### [ *Public Interest*]

Entry of this Judgment is in the public interest.

*©2018 CCH Incorporated and its affiliates and licensors. All rights reserved.*
*Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm*

4

U.S. Mot. and Mem. to Term.
Page 13
Appendix A [p.5 of 5]